**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Linda Alberico Pelland, et al., | ) | No. CV-07-1110-PHX-DGC |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| KFC Corporation, | ) ) | |
| Defendant. | ) ) ) | |

The parties have filed a stipulated motion for the entry of a protective order. Dkt. #39. The Court will deny the motion.

Two standards generally govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, --- F.3d ---, Nos. 04-17485, 04-17558, 2007 WL 2743502, at *5 (9th Cir. Sept. 21, 2007). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

The second standard applies to discovery materials. "'Private materials unearthed during discovery' are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at 1180) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies to this category of documents. *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that

the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown.") (citations omitted).

The good cause standard applies in this case because the parties seek to protect from public view "certain documents, answers to interrogatories or other discovery requests, and testimony in depositions[.]" Dkt. #39 at 2. For good cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1102.

The parties have not made such a showing in this case. The parties do not identify any particular document or information that may be unearthed through the discovery process. Rather, the parties seek a protective order under which they may unilaterally designate as confidential any document or information disclosed during discovery. Dkt. #39-2 at 2. Such a blanket protective order may not be entered under Rule 26(c). *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (holding that the district court abused its discretion under Rule 26(c) by entering a blanket protective without requiring the party seeking protection "to show that *specific* discovery documents, whether eventually filed with the court or not, contained [confidential] information") (emphasis in original); *San Jose Mercury News*, 187 F.3d at 1103 (holding that blanket stipulated protective orders entered under Rule 26(c) "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"). The Court will deny the motion.

/ / /

/ / /

1    **IT IS ORDERED** that the parties' stipulated motion for entry of protective order
2 (Dkt. #39) is **denied**.
3    DATED this 27th day of November, 2007.

*David G. Campbell*
United States District Judge